**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.   9:22-cv-81224

STEPHANIE BROWN, individually and on
behalf of all others similarly situated,

       Plaintiff,

vs.

CORE HOME SECURITY, LLC,

       Defendant.
_____/

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Stephanie Brown ("Plaintiff"), individually and on behalf of all others similarly situated, alleging the following on information and belief against Core Home Security, LLC ("Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), the Florida Do Not Call Act, § 501.059, *et seq.*, and the Florida Telemarketing Act, § 501.616, Fla. Stat., *et seq.* (collectively, the Florida Do Not Call Act and Florida Telemarketing Act will be referred to herein as the "FTCPA").  Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an artificial or prerecorded voice to the cellular and landline telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to call consumers using pre-recorded messages who did not provide their prior express written consent to receive them; and (3) obtain redress for all persons injured by its conduct.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed Class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

2. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

3. This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

5. Plaintiff Stephanie Brown, at all times mentioned herein, has resided in and has been a citizen of the State of Florida.

6. Defendant Core Home Security, LLC is a limited liability company organized under the laws of Florida, with a principal place of business at 949 A Clint Moore Road, Boca Raton, Florida 33442. Defendant conducts business in this District and throughout the United States.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff's phone number has been registered with the National Do-Not-Call Registry since June 12, 2009.

8. Defendant called Plaintiff on at least two occasions on her residential telephone from the number (727) 489-3032 on May 9, 2022 and from the number (727) 455-0148 on May 16, 2022.

9. Defendant placed each of these calls using an artificial or prerecorded voice without Ms. Brown's prior consent.

10. When Plaintiff answered Defendant's call it began immediately, using a pre-recorded voice.

11. Thereafter, a recording played with an artificial and/or pre-recorded telemarketing message seeking to sell home security from a Florida company in Boca Raton.

12. Prior to the calls at issue in this action, Ms. Brown had not had any contact with

Defendant nor used any of Defendant's services. She has never consented in writing, or otherwise, to receive prerecorded telephone calls from Defendant.

13.     Defendant knowingly made (and continues to make) prerecorded calls to the telephones of Plaintiff and other consumers without the prior express written consent of the call recipients.

14.     Plaintiff is not alone in receiving unsolicited prerecorded calls from Defendant, as seen from online reviews of the company:

> ★☆☆☆☆ 4/13/2022 · ↻ Updated review
>
> I just learned that we can all take a stand against these robocalls by filing a complaint with the FCC. Go to this site and let them know that Core Home Security uses robocalls for their business development:
> fcc.gov/consumers/guides...

15.     In making these calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA and FTCPA.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action on behalf of herself and all other persons similarly situated.

17.     **Class Definitions**: Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the following Classes:

> **National Telemarketing Class**: All persons within the United States who (a) received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant; (c) in which an artificial or prerecorded voice was played; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").
>
> **National DNC Class**: All persons in the United States whose

numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number thirty-one (31) days or more after the telephone number was listed on the national do-not-call registry during the Class Period.

**Florida Subclass**: All Florida residents that received a telephonic sales call from Defendant or its agents using an automated system for the selection or dialing of telephone numbers and/or the playing of a recorded message at any time during the Class Period for whom Defendant does not possess a written agreement that (1) bears the signature of the called party, (2) clearly authorizes Defendant or its agents to place telephonic sales calls using an automated system for the selection or dialing of telephone numbers, (3) includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered, and (4) includes a clear and conspicuous disclosure informing the called party that (a) by executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and (b) he or she is not required to directly or indirectly sign the written agreement or t agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

18. Plaintiff represents, and is a member of, the proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

19. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

20. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion

of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

21. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

22. The proposed Classes can be identified easily through records maintained by Defendant.

23. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiff and class members using an artificial or prerecorded voice without their prior express consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

24. **Typicality.** Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received pre-recorded calls on their telephones without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes and has no interests which are antagonistic to any member of the proposed classes.

25. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and

protect the interests of the proposed Classes, and has no interests which are antagonistic to any member of the proposed Classes.

26. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

28. Classwide relief is essential to compel Defendant to comply with the TCPA.

29. The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

30. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

31. Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

32. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

33. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as

if fully stated herein. Plaintiff brings this claim individually and on behalf of the National Telemarketing Class and National DNC Class against Defendant.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

37. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the National Telemarketing Class and National DNC Class against Defendant.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

40. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for

each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE § 501.059(8)(a), Fla. Stat.

43. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff asserts this claim individually and on behalf of the Florida Subclass against Defendant.

44. The FTCPA provides that a "person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." § 501.059(8)(a).

45. Defendant and its agents knowingly and willfully called Plaintiff and members of the Florida Subclass in violation of § 501.059(8)(a) using an automated system for the selection or dialing of telephone numbers for telemarketing purposes. Defendant and its agents also knowingly and willfully called Plaintiff and members of the Florida Subclass in violation of § 501.059(8)(a) using a recorded message for telemarketing purposes. Further, for Plaintiff and members of the Florida Subclass, Defendant does not possess a written agreement that (1) bears the signature of the called party, (2) clearly authorizes Defendant or its agents to place telephonic sales calls using an automated system for the selection or dialing of telephone numbers, (3) includes the telephone number to which the signatory authorizes a telephonic sales call to be

delivered, and (4) includes a clear and conspicuous disclosure informing the called party that (a) by executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and (b) he or she is not required to directly or indirectly sign the written agreement or t agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

46. Plaintiff, individually and on behalf of the members of the Florida Subclass, seeks to recover statutory damages (including treble damages for willful violations), as well as injunctive and equitable relief under § 501.059(10)(a). Plaintiff also seeks to recover attorney's fees and costs under § 501.059(11)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. Judgment against Defendant, and in favor of Plaintiff and the other Class Members in the amount of $500 per violation of the FTCPA as proven at trial;

e. Judgment against Defendant, and in favor of Plaintiff and the other Class Members in the amount of $1,500 per knowing and willful violation of the FTCPA as proven at trial;

f. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Classes;

g. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

h. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 4, 2022

Respectfully submitted,

By: /s/ Stephen A. Beck
Stephen A. Beck

**BURSOR & FISHER, P.A**
Scott A. Bursor (Fla. Bar No. 68362)
Stephen A. Beck (Fla. Bar No. 1010183)
701 Brickell Avenue, Suite 1420
Miami, FL 33131-2800
Telephone: (305) 330-5512
Facsimile: (305) 679-9006
E-Mail: scott@bursor.com
sbeck@bursor.com

*Attorneys for Plaintiff*

11